IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

|                          |                        |
|--------------------------|------------------------|
| BRIAN ADAMS,             |                        |
|       PLAINTIFF,         |                        |
|                          |                        |
| v.                       | Case No. 4:13-cv-542   |
|                          |                        |
| H&P CAPITAL, INC.,       |                        |
|       DEFENDANT          |                        |
|                          |                        |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq (hereinafter referred to as "TDCA").

### VENUE

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

### PARTIES

6. The Plaintiff, Brian Adams ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant H&P Capital, Inc. ("Defendant") is a Florida corporation operating from Jacksonville, Florida.

8. The Defendant can be served in the state of Texas via its registered agent, CT Corporation System, at 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201.

9. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. The Defendant does not have a collection agency bond on file with the Texas Secretary of State as required by Tex. Fin. Code § 392.101.

11. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

12. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

13. At some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

15. The Account allegedly went into default with the original creditor.

16. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

17. The Plaintiff disputes the Account.

18. The Plaintiff requests that the Defendant cease all further communication on the Account.

19. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

20. The Defendant acted at all times mentioned herein through its employee(s).

21. During the one year prior to the date of the filing of this Complaint, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiff and left messages on the plaintiff's voicemail system.

22. One message left by the Defendant within one year of the filing of this complaint was as follows:

> This message is intended for Brian Adams, my name is Dwayne Bahee.  Brian you have exactly 24 hours to return my call.  You're a special person of interest on a formal complaint received here in my office.  That's the city of McKinney, and that's 24 hours to provide your final statement.  It's a time sensitive matter Brian, you are asked to return the call back immediately.  My number here is 409-356-7405 ext. 1.  Brian a decision has already been made on your claim; this is just a formal notification advising you that we are moving forward on a felony warrant through Collin County in 24 hours.  I need to be provided with your attorney information as well as your final statement.  409-356-7405 ext. number 1.  Govern yourself accordingly.  Good luck.

23. Another message left by the Defendant within one year of the filing of this complaint was as follows:

> Hi Brian Adams, this is Pamela Vickers; I have here forwarded to me another formal complaint within my office that has you identified as person of interest. I am concerned you are unaware of what's taking place. I need to retain your attorney's information in reference to this documentation. My number is 301-534-3581. Thank you for your time, sir.

24. Another message left by the Defendant within one year of the filing of this complaint was as follows:

> Brian (inaudible) this is in reference to complaint number 1950145TX1585. I need your attorney to contact this office immediately. Due to your place of employment Brian, you cannot have this information up against you. You need to contact this office to speak to someone to see what's going on or I will move forward. Good luck!

25. Another message left by the Defendant within one year of the filing of this complaint was as follows:

> Good evening, Mr. Brian Adams, this is Joseph Bida, I need to speak to you in regard to a complaint. As a professional courtesy sir, you are in law enforcement, there with the juvenile detention unit; I'd like to go ahead and extend you a professional courtesy and speak to you about this directly. Give me a call back at my office at 904-425-1516. Unfortunately I'm getting to go home right now as we speak. I am in the office tomorrow between the hours of 7 and 4. Give me a call back in the morning when you get up. You and I will go over this here fresh on a Saturday, and I'll see what I can do to help you out with the situation. It is a serious one, and I'm going to need you to take it serious when you call ok. Mr. Adams I look forward to speaking with you. Again my name is Joe Bida. I also left a word for you at your place of employment when I spoke with Mr. Richard, he said you were in the pod with the kids right then and I didn't want to disturb you so I went ahead and left a some particulars for you to give me a call back. I look forward to your call Mr. Adams.

26. Another message left by Defendant within one year of the filing of this complaint was as follows:

> Mr. Brian Adams, this is Joe Bida, I am just returning a phone call to your home. I called yesterday both here, and at your place of

employment. We tried to reach you in regards to a complaint in my office. Please give me phone call at 904-425-1516. I'd like to speak with you about this and take a statement as a professional courtesy to you since you working in law enforcement I'd like to do my very best to work with you if we can. But is a very serious matter, it must have your attention today Mr. Adams. Again that number 904-425-1516 my name is Joe Bida.

27. In a return phone call placed in approximately February 2013, Pamela Vickers stated that she worked for Defendant and gave Defendant's Jacksonville, Florida address for mailing a payment.

28. The Defendant's purpose for these telephone call(s) and message(s) was to attempt to collect the Account.

29. The telephone call(s) and message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

30. The telephone call(s) and message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

31. In addition to the phone calls that resulted in the above listed voicemail messages being left for the Plaintiff, on or about December 29, 2012, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant engaged in a harassing campaign of phone calls placed to Defendant at his place of employment.

32. The Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant were made aware in the first call to plaintiff's place of employment on or about December 29, 2012, that the calls were not allowed and/or that it was an inconvenient time for the Defendant to receive any calls.

33. Despite being told that calls placed to the Plaintiff's place of employment were not allowed and/or that it was an inconvenient time and place for the Plaintiff to receive phone calls, the Defendant placed approximately eight more phone calls to the Plaintiff's place of employment between the hours of 8:00 a.m. and 12:00 p.m.

34. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

35. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

36. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

37. During the one year prior to the filing of this complaint, while attempting to collect the Account, the Defendant left message(s) for the Plaintiff that did not provide meaningful disclosure of the caller's identity as required by 15 U.S.C. § 1692d(6) and/or did not provide the language required by 15 U.S.C § 1692e(11) and Tex. Fin. Code § 392.304(5)(B).

38. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal communication in connection with debt collection and violate 15 U.S.C. § 1695(c)(1)&(3) and 15 U.S.C. § 1692(d)(5) and 15 U.S.C. § 1692e(1)&(2)&(3)&(4)&(5)&(7)&(10)&(11) and 15 U.S.C. § 1692f(6)

and Tex. Fin. Code § 392.302(4) and §392.301(5)&(6)&(8) and § 392.304(4)&(5)(B)&(8)&(14).

39. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

40. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

**RESPONDEAT SUPERIOR**

41. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

42. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

43. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

44. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

45. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

46. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

47. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

48. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

49. The previous paragraphs are incorporated into this Count as if set forth in full.

50. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6), 15 U.S.C § 1692e(11), 1692e(1)&(2)&(3)&(4)&(5)&(7)&(10)&(11), and 15 U.S.C. § 1692f(6).

51. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE

52. The previous paragraphs are incorporated into this Count as if set forth in full.

53. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.302(4) and §392.301(5)&(6)&(8) and § 392.304(4)&(5)(B)&(8)&(14).

54. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

### COUNT III – INVASION OF PRIVACY (INTRUSION ON SECLUSION)

55. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion).   Defendant intentionally intruded on

the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

56. The Plaintiff suffered actual damages as a result of Defendant's intrusion.

## JURY TRIAL DEMAND

57. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

58. Judgment in favor of the Plaintiff and against the Defendant.

59. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

60. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

61. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

62. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

63. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeff Wood
Jeff Wood, Esq.
ArkBN: 2006164
103 N. Goliad, Suite 204
Rockwall, TX  75087
TEL: 615-628-7128
FAX: 615-807-3344
EMAIL: jeff@mmlaw.pro
*Attorney for Plaintiff*
    Of Counsel to:
    McClendon & Milligan
    PO Box 828
    Franklin, TN  37065-0828